# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW D. MCKENNA, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 16-1017 |
| ANTHONY J. MIGNELLA, et al., | |
| Defendants. | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                    **DECEMBER 1, 2017**

On March 3, 2016, Plaintiff Matthew D. McKenna filed a *pro se* complaint against more than 170 defendants, alleging a wide ranging conspiracy, various constitutional and other violations, corruption, and one of more "secret trials," largely revolving around a thirty-year-old conviction on drug charges. Two of the many defendants sent letters to the Court indicating they could not properly respond because they had received summonses but not copies of the complaint. On July 7, 2016, this Court:1) granted Mr. McKenna's application to proceed *in forma pauperis*; 2) dismissed his complaint without prejudice; and 3) granted Mr. McKenna sixty days to file an amended complaint clearly averring logical and timely claims upon which relief could be granted against particular defendants. On August 24, 2016, Mr. McKenna filed an amended complaint against 28 defendants, largely averring similar claims as his March 3, 2016 complaint. This Court will address issues with service of process, and statutes of limitations; because Mr. McKenna does not present clear, focused, and timely claims, his suit will be dismissed against Defendants.

A.  Service of Process

Although Defendants obviously learned of this lawsuit, Defendants have not been properly served. Defendants received by mail only the summons without the complaint, and Mr. McKenna attempted service by certified mail without any signature requirement. This Court's previous order dismissed Mr. McKenna's complaint without prejudice granting leave to re-file; however, the order reminded Mr. McKenna that service by mail is only effective with the signature of the defendant or an authorized agent and must include a copy of the complaint.[1] This Court will review the amended complaint for sufficiency and general substantiality below before ordering the Marshals to serve it on Defendants.

B.  Statute of Limitations

Prior to Mr. McKenna's amended complaint, his claim or claims appeared to run afoul of state limitations periods. As we stated in our July 7, 2016 opinion, a thorough reading of the original complaint revealed nothing in Mr. McKenna's complaint occurred later than May of 2008. Thus, we stated "it is hard to conceive of any claim Plaintiff could bring that would not be time barred in 2016." (ECF Docket No. 12, at 6.) We cited our Circuit which allows for dismissal *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) if it is obvious from the face of the complaint that the *pro se* civil rights claim is barred by the applicable statute of limitations. (Id.) (citing *Barren v. Pennsylvania State Police*, 607 F. App'x 132, 134 (3d Cir. 2015)); *see also Jones v. Bock*, 549 U.S. 199, 214-15 (2007) ("holding if the allegations of a complaint, 'for

---

[1] Fed. R. Civ. P. 4(e)(1) allows service in accordance with state law. Pennsylvania might allow service by mail on an out-of-state defendant, but it would have to be within 90 days of issuance of the summons. *See* Pa. R.C.P. 404.

2

example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim'").

Mr. McKenna's claims, although inartfully pled, seem to be brought under 42 U.S.C. § 1983. The statute of limitations under a § 1983 claim is subject to the same statute of limitations that apply to personal injury tort claims in the state in which such claims arise. *Williams v. Mahally*, 2017 WL 105952, at *2 (M.D. Pa. 2017). Mr. McKenna's claims arise in New Jersey; the applicable statute of limitations is New Jersey's two year statute of limitations for personal injury actions. NJ ST 2A:14-2. Furthermore, under the well settled discovery rule, the statute of limitations period is tolled "until the plaintiff learns of his cause of action or with reasonable diligence could have done so" and "is an exception to the usual principle that the statute of limitations begins to run immediately upon accrual regardless of whether or not the injured party has any idea what has happened to him." *Williams*, 2017 WL 105952, at *3 (citing *Stephens v. Clash*, 796 F.3d 281, 284 (3d Cir. 2015)).

Mr. McKenna's original complaint indicates the events giving rise to the claims occurred in 1986, and his investigation into the matter occurred no later than May of 2008, more than eight years before the suit was filed. This alone would provide a strong basis for dismissal. However, Mr. McKenna's amended complaint provides "newly discovered evidence" from 2016 purporting to be from the individual who Mr. McKenna alleges was a "stand-in" for him and his codefendants in an alleged "secret trial." (ECF Docket No. 14, at 17.) Specifically, Mr. McKenna avers "[t]his is my Facebook conversation with LONNIE ELLIOT LASELVA, who admits to being used as a 'Stand-In' for me and my codefendants in the Secret Trial." (Id.) Thus, under the discovery

rule, this newly presented evidence could potentially toll the statute of limitations. However, this Court need not decide the timeliness issue; we will focus on whether Mr. McKenna stated a claim upon which relief may be granted.

C.  Failure to State a Claim

The confusion and lack of clarity provides additional grounds for dismissal. "A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The court in *DeGrazia* further described the plaintiff's claims as warranting dismissal because "they rel[ied] on fantastic scenarios lacking any arguable factual basis." *Id.* Similarly, dismissal may be warranted when the complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and allegations that are "simple, concise, and direct." *See* Fed. R. Civ. P. 8; *see also Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007).

Moreover, as noted in this Court's prior order granting leave to proceed *in forma pauperis*, the Court also reviews the complaint under 28 U.S.C. § 1915(e)(2)(B). (ECF Docket No. 12, at 3.) We stated, "if the Court finds that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant protected by immunity, it must dismiss the complaint." (Id); *see also* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either

4

in law or in fact" and is legally baseless if it is "based on an indisputably meritless legal theory."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Therefore, this Court has the ability to dismiss Mr. McKenna's claims either for frivolity or because he failed to state a plausible claim as pled.

Here, while a conceivably legitimate § 1983 or conspiracy claim can be inferred from a generous reading of the complaints, the documents are mostly rife with irrelevant statements and outrageous claims, including suggestions that certain individuals were "stand-ins" for Mr. McKenna and his codefendants at a "secret trial" in Somerset County, NJ. (e.g., "There are four separate Pre-trials listed for me, Brian, Billy, and Frano.  None of us were there.  These were done with 'stand-ins' who got their serious charges dropped despite being convicted." (ECF Docket No. 14, ¶ 34); "Prosecutor Coleman used 'stand ins' to be actors in the court room." (Id. at ¶ 36); "In July of 2016 [ ] [a] new person just came on to Facebook.  It is Elliot Laselva, who has admitted that he was used as a pawn by Somerset County." (Id. at ¶ 65); "Mr. Laselva, who 'stood in' for me as an actor in a U.S. Court room, was rewarded with the hiding of his 'Rape Conviction' of a 14 year old girl in Somerset County, NJ, in 1983." (Id. at ¶ 66))

However, the Court must also consider matters of public record and other documents that are attached to or submitted with the complaint.  *Buck v. Hampton Township School Distric*, 452 F.3d 256, 260 (3d Cir. 2006).  As this Court noted in its previous order, it is apparent from some of the attachments to the complaint and other publicly available new sources, key players in Mr. McKenna's complaint were later proven to be involved in rather extensive corruption.  (ECF Docket No. 12, at 6.)

Review of Mr. McKenna's complaint under either § 1915(e)(2)(B) or general substantiality reasoning again leads to serious doubt that this case should proceed. Similar to his original complaint, Mr. McKenna alleges corruption and conspiracy involving numerous individuals and unlikely scenarios. Mr. McKenna has also failed to articulate what exactly his claims are, listing several constitutional provisions. As we noted in our previous order, Mr. McKenna appears to be seeking documents rather than pursuing claims appropriate to litigation. Further, Mr. McKenna's demand for monetary compensation borders on the absurdity: Mr. McKenna moves from the "modest" request of $3 million for his codefendant William Patrick McBride who was an alleged victim in "the only 'Secret Trial' in US history," to $7.6 million for payment for his own time doing legal work, to $30 million for his brother's wrongful conviction. (ECF Docket No. 14, ¶¶ 70-83.) Mr. McKenna also requests compensation of several tens of millions of dollars from the State of New Jersey, County of Somerset, and involved offices, for Mr. McKenna's second wrongful conviction. (Id.) Finally, many of the defendants are likely to be protected by prosecutorial, judicial, and other immunities; however, at this point it is difficult to determine which defendants would be immune from what claims.

D. Conclusion

Thus, this Court's dismissal will be with prejudice. The complaint has already been amended once without much apparent improvement, and there is no reason to suppose further amendment would cure the deficiencies, or particularly that Mr. McKenna could make further allegations that would fix problems regarding clarity or the statutes of limitations.